## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOAN EHLMAN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **UPLIFT, INC.; EQUIFAX** ) | |
| **INFORMATION SERVICES, LLC;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Joan Ehlman, by and through undersigned counsel, and for her complaint against the Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C.

§1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Joan Ehlman, is over the age of nineteen (19) years and is a resident of the city of Helena in Shelby County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Uplift, Inc. (hereinafter "Uplift") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Uplift does and has at all pertinent times relevant herein done business in this district.

4. Equifax Information Services, LLC (hereinafter "Equifax") is a foreign limited liability company organized under the laws of the State of Georgia and has a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in this district.

5. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

6. Upon information and belief, Defendant Equifax is regularly engaged

in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

7. Upon information and belief Equifax disburses consumer reports to third parties for monetary compensation.

8. A substantial portion of the events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

9. On or about January 14, 2020, Plaintiff booked a cruise on Carnival Cruise Lines scheduled to depart in March 2020. Defendant Uplift provided Plaintiff with financing for the cruise. Specifically, Uplift financed $2,935.84.

10. Plaintiff made payments to Uplift in the amount of $1,623.00 on February 18, 2020 and $1,379.39 on February 21, 2020.

11. Plaintiff's account with Uplift was marked as "paid in full" on February 21, 2020.

12. The cruise was moved to May 2020 and then subsequently was cancelled by Carnival on or about April 13, 2020.

13. When the cruise was cancelled, Plaintiff contacted Defendant Uplift and Carnival and requested a full refund. An employee or agent of Uplift who spoke with the Plaintiff informed her that Uplift would not give her a refund until Uplift received a refund from Carnival.

14. Plaintiff then contacted Carnival and was told that it could take 90 days to refund any money to Uplift.

15. Plaintiff attempted again to get a refund from Uplift but Uplift refused to refund Plaintiff her money. As such on or about June 8, 2020, Plaintiff contacted her financial institution and disputed the money paid to Uplift on the grounds that she paid for services that she did not receive.

16. On or about June 9, 2020, Plaintiff's financial institution deposited provisional funds into her account for the money paid to Uplift.

17. On or about June 12, 2020, Uplift sent Plaintiff an email regarding a notice of charge back sent by Plaintiff's financial institution. Plaintiff checked her Uplift account. Plaintiff's Uplift account was falsely noted as being 120 days "past due" and stated that Plaintiff owed Uplift $3,244.00. This amount was the original principal along with approximately six months of accrued interest. This interest was

added and the account marked as 120 days past due by Uplift despite the fact that Uplift marked the account "paid in full" as of February 21, 2020.

18. On June 16, 2020, Uplift emailed the Plaintiff to inform her that Carnival paid Uplift $2,935.84, the original amount financed by the Plaintiff, and informed the Plaintiff that the amount of $2,935.84 was applied to her account with Uplift.

19. For unknown reasons, as of June 22, 2020, Plaintiff's Uplift account showed that it was paid in full but was also "charged off."

20. On June 24, 2020, Plaintiff received an email from Rosa Stanley, a "Customer Support Manager" at Uplift. That email stated that when the payments were disputed, the account was marked as 120 days past due, was "charged off" as unpaid and was "automatically sent to collections." The email further stated that there was a balance due on the Uplift account of $308.24. The email also stated that even if Plaintiff made additional payments the account was remain as "charged off."

21. Plaintiff's Uplift account on June 24, 2020 did not show that it was paid in full, but rather, showed that Plaintiff owed Uplift $308.24,

which appears to represent approximately 6 months of accrued interest.

22. In July 2020, Plaintiff used Credit Karma to check her credit with regard to Uplift. Credit Karma was showing that, as of June 30, 2020, Uplift was reporting that she owed $308.00 and that her payment status on the Uplift account was over 120 days late.

23. On or about July 23, 2020, Plaintiff wrote to Defendant Equifax to dispute the inaccurate Uplift trade line that showed she owed $308.00 and that the account was 120 days past due. Plaintiff included a screen shot of her Uplift account dated June 22, 2020 that showed the account as "paid in full."

24. Equifax received Plaintiff's dispute letter on July 28, 2020.

25. On or about August 5, 2020 Equifax sent the results of Plaintiff's dispute to Plaintiff.

26. Equifax allegedly reinvestigated Plaintiff's dispute and verified the inaccurate information, namely that Plaintiff's account was 120 days past due and that there was a $308.00 balance on the account. Strangely Equifax further reported that $395.00 was "past due."

27. Despite Plaintiff's dispute and the evidence provided with her dispute

letter, Defendants both failed to conduct a reasonable reinvestigation as requested by the Plaintiff and required by law.

28. This inaccurate information negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

29. Upon information and belief, despite the requirements of the Fair Credit Reporting Act, Equifax does not itself conduct reinvestigation of consumer disputes, but rather outsourced its duty to conduct reasonable reinvestigation of consumer disputes to a third-party entity located overseas in India.

30. The employees of this third-party entity are not directly trained by Equifax. Rather, Equifax provides training to managers of this third-party entity that are then tasked with training the employees who actually process reinvestigation.

31. Equifax has little to no control over the employees of this third-party entity in India and assumes that the employees actually process reinvestigation can read the English language are appropriately trained to process consumer disputes in accordance with FCRA.

32. This system, which was intentionally put in place by Equifax to save Equifax money, inevitably leads to reinvestigation that violate the

requirements of FCRA.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT EQUIFAX

33. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

34. This failure includes outsourcing reinvestigation to a third-party entity overseas under the assumption that the employees of that third-party entity are properly trained and are able to comply with the requirements imposed by FCRA with regard to conducting investigations of consumer disputes.

35. Equifax's negligent failure or intentional refusal to conduct an appropriate reinvestigation of Plaintiff's dispute violated 15 U.S.C. § 1681i(a)(1)(A).

36. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful

reinvestigation; by failing to forward all relevant information to Uplift; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

37. As a result of this wrongful conduct, action and inaction of Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

38. Equifax's refusal to perform an appropriate reinvestigation and intentional practice of outsourcing its obligations under FCRA was willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT UPLIFT

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Uplift violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Equifax inaccurate information regarding the status of an account it knew or should have known was not 120 days delinquent and that had no balance; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Uplift representations to the consumer reporting agencies.

42. As a result of Uplift's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and

embarrassment.

43. Uplift's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, Uplift was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover costs and attorney's fees from Uplift in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Joan Ehlman
103 Cedar Bend Dr.
Helena, AL 35080

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**UPLIFT, INC.**
c/o Registered Agent
Vcorp Agent Services, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104